IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHANIE ZUBIA,

     Plaintiff,

vs.                          No.: _____

ALPHA TECHNOLOGIES
SERVICES, INC., DONLEN, LLC,
and EMMANUEL ALVAREZ PEREZ,

     Defendants.

## COMPLAINT FOR PERSONAL INJURY AND LOST WAGES

     COMES NOW Plaintiff Stephanie Zubia, by and through her attorneys, Bridget Hazen and Dathan Weems, Dathan Weems Law Firm, LLC, and hereby files her Complaint against the Defendants as follows:

### NATURE OF CASE

1. This is a negligence and negligence per se cause of action to recover damages arising from a motor vehicle accident which occurred on August 19, 2018, in Lea County, New Mexico.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff resides in Buffalo Gap, Taylor County, in the State of Texas.

3. Upon information and belief, at all times relevant to the Complaint, Defendant Alpha Technologies Services, Inc. (hereafter "Alpha Technologies"), a corporation organized and existing under the laws of Nevada, is engaged in the business of over-the-road transportation services, doing business in and traveling over the roadways of the State of

New Mexico. Alpha Technologies' principal place of business is in Bellingham, Washington.

4. At all times relevant to this case, Alpha Technologies was a motor carrier operating under the authority of the Federal Motor Carrier Safety Administration with United States Department of Transportation carrier number 2442098.

5. Upon information and belief, at all times relevant to the Complaint, Defendant Emmanuel Alvarez Perez (hereafter "Perez") was an individual domiciled in Hobbs, New Mexico, and was an owner, agent, employee, operator, and/or servant of the corporate Defendant Alpha Technologies and was acting within the course and scope of his employment or agency with them.

6. Upon information and belief, at all times relevant to the Complaint, Defendant Donlen LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Illinois.

7. During all material times, Defendant Dolen was the owner of the truck assigned to Perez.

8. There exists a diversity in citizenship between Plaintiff and Defendants and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). This Court has original jurisdiction pursuant to 28 U.S.C. Section 1332.

9. This Court has original jurisdiction pursuant to 28 U.S.C. Section 1332.

<u>FACTS COMMON TO ALL COUNTS</u>

10. On August 19, 2018, Defendant Perez was driving westbound on Navajo Drive in Hobbs, Lea County, New Mexico, acting within the course and scope of his employment, in a 2018 Chevrolet pickup, bearing New Mexico license plate number 626WGZ.

11. During all times relevant to this case, Defendant Dolen was the owner of the truck driven by Defendant Perez.

12. Defendant Perez operated the vehicle under Defendant Alpha Technologies' full direction and control.

13. Defendant Alpha Technologies remained at all times responsible for the safe operation of the vocational truck and is responsible as a matter of law for Perez's conduct in operating it under the doctrine of Respondeat Superior.

14. Plaintiff was a passenger in a car driven by her husband, driving through Hobbs, New Mexico. The family had just picked up dinner and were driving eastbound at the intersection of Joe Harvey and Grimes, in Hobbs, Lea County, New Mexico.

15. At the intersection of W Navajo Dr and N Grimes St, Perez failed to yield to oncoming traffic and pulled out in front of Plaintiff, causing the cars to collide.

16. Perez was cited for driver inattention and failing to yield right of way.

17. As a direct and proximate result of the collision, Plaintiff Stephanie Zubia suffered serious bodily injury and emotional injuries, including a neurological deficit as further described herein.

<u>COUNT I: NEGLIGENCE</u>
<u>AGAINST DEFENDANTS ALPHA TECHNOLOGY AND PEREZ</u>

18. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

19. Defendant Alpha Technologies is responsible for the acts and omissions of Defendant Perez pursuant to the doctrine of *Respondeat Superior*.

20. Defendant Perez owed Plaintiff a duty of ordinary care to operate the truck he was operating at the time of the crash in a safe manner.

21. Defendant Perez breached his duty by, among other things:

    a.  Failing to keep a proper lookout;

    b.  Driver fatigue, incompetence, or inattention;

    c.  Failing to timely apply his brakes;

    d.  Failing to see what is in plain sight;

    e.  Failing to see what is obvious and apparent to someone under like or similar circumstances;

    f.  Becoming distracted while driving;

    g.  Failing to appreciate and realize what was reasonably indicated by that which was in plain sign; and

    h.  Operating the truck in a careless and imprudent manner,

22. Perez's breach of these duties was the direct and proximate cause of the injuries to and the damages incurred by Plaintiff.

23. Perez was Alpha Technologies' statutory employee, employee-in-fact, and agent at the time of the crash. Perez was operating the course and scope of his employment, and Alpha Technologies otherwise authorized, participated in, and ratified his conduct.

24. Alpha Technologies is liable for damages caused by any and all of Perez's wrongful acts and omissions related to the injuries to Plaintiff.

<u>COUNT II: NEGLIGENCE PER SE AGAINST DEFENDANT PEREZ</u>

25. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

26. N.M. Stat. Ann. § 66-7-332 provides that notwithstanding any other provision of law, on all roadways, upon the immediate approach of an oncoming vehicle overtaking or

attempting to overtake a vehicle proceeding in the same direction, the driver of that vehicle shall yield the right of way and shall drive to a position parallel to and as close as possible to the right hand edge or curb of the roadway and shall remain as close as possible to the right hand edge or curb of the roadway until the oncoming vehicle has passed.

27. At all material times, N.M. Stat. Ann § 66-7-332 was in effect.

28. Defendant violated the statute as set forth in the statement of facts.

29. Plaintiff, as passengers traveling on the roadway, were in the class of persons to legislature specifically sought to protect in enacting the statute.

30. The injuries and harm to Plaintiff as described in the statement of facts is the harm the legislature specifically sought to prevent.

31. Accordingly, Defendant was negligent *per se*.

32. Defendant's violation of N.M. Stat. Ann § 66-7-332 was the direct and proximate cause of the harms to Plaintiff as set forth and Plaintiff is entitled to damages as a matter of law.

<u>COUNT III: CLAIM FOR NEGLIGENT HIRING, TRAINING,<br>AND SUPERVISION AGAINST DEFENDANT ALPHA TECHNOLOGIES</u>

33. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

34. Defendant Alpha Technologies had a duty to exercise ordinary care in the hiring, training, and supervision of its employees in a manner that provided for the safe operation of a vehicle while in performance of the employee's duties, in compliance with all relevant federal and state statutes, rules, regulations, codes, and ordinances.

35.  Defendant Alpha Technologies knew or should have known that Perez lacked adequate training and experience to safely operate a vocational truck in compliance with all relevant federal and state statutes, rules, regulations, codes, and ordinances.

36. Defendant Alpha Technologies, because it knew or should have known of the lack of supervision, experience, and training of Perez, also had reason to know that Perez was likely to harm members of the general public traveling on roadways, including Plaintiff.

37. Defendant Alpha Technologies, through its employees and agents, intentionally, willfully, recklessly, or negligently did not use the ordinary care of a reasonably prudent entity by committing acts and omissions including the following:

   a. Choosing not to have or enforce adequate policies and procedures relating to the safe operation of vehicles in compliance with all relevant federal and state statutes, rules, regulations, codes and ordinances;

   b. Choosing not to conduct adequate training of supervisors, staff, or drivers to prevent unsafe operation of a vehicle;

   c. Choosing not to adequately supervise to prevent unsafe operation of a vehicle by its drivers; and

   d. Otherwise failing to act with the reasonable care required of it under the circumstances.

38. In failing to exercise reasonable care in the hiring, training, and supervision of its employees, including Perez, relative to their ability to safely operate a vocational truck, Defendant Alpha Technologies breached its duties and was negligent.

39. The negligence of Defendant Alpha Technologies was the direct and proximate cause of Plaintiff's injuries and Plaintiff is entitled to damages as a matter of law.

   <u>COUNT IV:  NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT DOLAN</u>

40. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

41. Defendant Dolen gave Perez permission to operate its vehicle.

42. Defendant Dolen knew or should have known that Defendant Perez was incompetent or unfit to drive the motor vehicle.

43. Perez was negligent in the operation of the truck he operated for Dolen.

44. Defendant Perez's incompetence was a substantial factor in causing Plaintiffs' injuries.

45. Dolen's negligent entrustment of Defendant Perez to drive its vehicle was a direct and proximate cause of Plaintiff's injuries.

46. Defendant Dolen's acts and omissions related to entrusting Perez with the vocational truck were reckless, willful, and wanton.

## COUNT V: PUNITIVE DAMAGES

47. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

48. The acts and omissions of the Defendants were willful, wanton, and in reckless disregard of the rights of the Plaintiff.

49. Defendants therefore should be held responsible for punitive damages beyond the other damages set out herein.

## COUNT VI: DAMAGES

50. As the proximate result of Defendants' negligent acts and/or omissions described herein, Plaintiff suffered severe personal injuries.

51. Plaintiff Stephanie Zubia suffered pain, mental suffering and anguish, physical impairment, medical expenses, and loss of household services, for which Plaintiff is entitled to recover.

52. Plaintiff Stephanie Zubia seeks damages including, but not limited to:

   a.   Pecuniary and nonpecuniary injuries to Plaintiff arising from the injuries she suffered;

   b.   The worth of Plaintiff's loss of household services;

   c.   Pain and suffering endured by Plaintiff arising from the injuries she suffered; and

   d.   All damages to Plaintiff that are fair and just.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

   A.  Judgment jointly and severally against all Defendants on all claims;

   B.  Monetary damages, including punitive damages, in an amount to be determined at trial;

   C.  Prejudgment and post-judgment interest;

   D.  An award of its attorneys' fees, costs, and expenses in bringing this lawsuit; and

   E.  All other relief that law and justice require.

**TRIAL BY JURY IS HEREBY DEMANDED**

Respectfully submitted,

DATHAN WEEMS LAW FIRM, LLC


*/s/ Bridget Hazen*
Bridget Hazen
Dathan Weems
108 Wellesley Drive SE
Albuquerque, NM 87106
(505) 247-4700
Attorneys for Plaintiff